## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| J&J Sports Production, Inc. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 08-CV-1988 |
| | ) | |
| John Ortiz, individually and d/b/a | ) | Judge Darrah |
| Mike & John, Inc., d/b/a Mike & John's | ) | |
| and Mike & John, Inc., d/b/a | ) | Magistrate Judge Valdez |
| Mike & John's, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO COMPLAINT

Now comes Defendant, John Ortiz individual and Mike & John Inc., an Illinois corporation by their attorney GEORGE E. BECKER and answer to Defendant's complaint as follows:

## JURISDICTION

1. Jurisdiction is founded on the existence of a question arising under particular statutes. This action is brought pursuant to several federal statutes, including the Communications Act of 1934, as amended, 47 U.S.C. 605, et seq., and the Cable and Television Consumer Protection and Competition Act of 1992, as amended, 47 U.S.C. Section 553, et seq.

**ANSWER:** The Defendants admit the allegations in paragraph 1.

2. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.

**ANSWER:** The Defendants admit the allegations in paragraph 2.

3. This Court has personal jurisdiction over the parties in this action as a result of the Defendants wrongful acts hereinafter complained of which violated the Plaintiff's rights as the exclusive commercial distributor of the televised fight program hereinafter set forth at length. The Defendants wrongful acts consisted of the interception and tortuous conversion of said property of Plaintiff within the control of the Plaintiff in the State of Illinois.

**ANSWER:** The Defendants deny committing any wrongful acts or violating any of Plaintiff's rights. The Defendants admit the court has jurisdiction over their person based upon the allegations in the complaint.

## VENUE

4. Pursuant to 47 U.S.C. Section 605, venue is proper in the Northern District of Illinois, Eastern Division because a substantial part of the events or omissions giving rise to the claim occurred in this District.

**ANSWER:** Defendants deny any events or omissions took place in this district, but admit venue is proper based upon the allegations in the complaint.

## INTRADISTRICT ASSIGNMENT

5. Assignment to the Eastern Division is proper because a substantial part of the events or omissions giving rise to the claim occurred in Cook County.

**ANSWER:** Defendants deny any events or omissions giving rise to the claim occurred in Cook County, but admit that venue is proper in the Eastern Division based on the allegations in the complaint.

## THE PARTIES

6. The Plaintiff, J&J SPORTS PRODUCTION, INC., is and at all relevant times mentioned, was a California corporation corporation with its principal place of business located at 2380 South Bascom Avenue, Suite 200, Campbell, California 95008.

**ANSWER:** The Defendants are without knowledge or information to answer to the allegations in paragraph 6.

7. The Plaintiff is informed and believes and alleges thereon that at the time of the occurrence, that defendant MIKE & JOHN, INC., d/b/a MIKE & JOHN'S was a business entity, having its principal place of business at 5456 W. Fullerton Street, Chicago, Illinois.

**ANSWER:** Mike & John, Inc. admits it is an Illinois Corporation with a principle place of business at 5456 W. Fullerton Chicago, Illinois. It denies it transacts business under any other name.

8. The Plaintiff is informed and believes and alleges thereon that defendant JOHN ORTIZ, is an individual and the principal, alter ego, officer, director, shareholder, employee, agent and/or other representative of MIKE & JOHN, INC., d/b/a MIKE & JOHN'S a business entity.

**ANSWER:** John Ortiz admits that he is a shareholder, director and president of Mike & John, Inc., an Illinois corporation. Ortiz denies the remaining allegations in paragraph 8.

## COUNT I
### (Violation of 47 U.S.C. Section 605)

9. Plaintiff, J&J SPORTS PRODUCTIONS, INC., hereby incorporates by reference all of the allegations contained in paragraphs 1-8, inclusive, as though set forth herein at length.

**ANSWER:** Defendants incorporate their answers to paragraph 1-8 as and for their answers to paragraph 9.

10. By contract, Plaintiff, J&J SPORTS PRODUCTIONS, INC., paid for and was thereafter granted the exclusive nationwide television distribution rights to *"Sworn Enemies": Floyd Mayweather Jr., v. Zab Judah Welterweight Championship Fight Program* which took place on April 8, 2006 (this included all under-card bout and fight commentary encompassed in the television broadcast of the event, hereinafter referred to as the "Program").

**ANSWER:** Defendants are without knowledge or information to answer to the allegations in paragraph 10, and demand strict proof at trial.

11. Pursuant to contract J&J SPORTS PRODUCTIONS, INC., entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of Illinois, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the Program to the patrons within their respective establishments (i.e., hotels, racetracks, casinos, bars, taverns, restaurants social clubs, etc.).

**ANSWER:** Defendants are without knowledge or information to answer to the allegations in paragraph 11, and demand strict proof at trial.

12. As a commercial distributor of sporting events, including the Program, Plaintiff J&J SPORTS PRODUCTIONS, INC., expended substantial monies marketing, advertising, promoting, administering and transmitting the Program to its customers, the aforementioned commercial entities.

**ANSWER:** Defendants are without knowledge or information to answer to the allegations in paragraph 12, and demand strict proof at trial.

13. With full knowledge that the Program was not to be intercepted, received and exhibited by entities unauthorized to do so, each and every of the above named defendants and/or their agents, servants, workmen or employees did unlawfully publish, divulge and exhibit the Program at the time of its transmission at the addresses of their respective establishments, as indicated above. Said unauthorized interception, publication, exhibition and divulgence by each of the defendants was done willfully and for purposes of direct or indirect commercial advantage or private financial gain.

**ANSWER:** Defendants deny the allegations in paragraph 13.

14. 47 U.S.C. Section 605, et seq., prohibits the unauthorized publication or use of communications (such as the transmission for which Plaintiff had the distribution rights thereto).

**ANSWER:** Defendants admit the existence of the statute.

15. By reason of the aforesaid mentioned conduct, the aforementioned defendants, and each of them, violated 47 U.S.C. Section 605, et seq.

**ANSWER:** Defendants deny the allegations in paragraph 15.

16. By reason of the defendants' violation of 47 U.S.C. Section 605, et seq., Plaintiff J&J SPORTS PRODUCTIONS, INC., has the private right of action pursuant to 47 U.S.C. Section 605.

**ANSWER:** Defendants deny the allegations in paragraph 16.

17. As the result of the aforementioned defendant's violation of 47 U.S.C. Section 605, and pursuant said Section 605, Plaintiff J&J SPORTS PRODUCTIONS, INC., is entitled to the following from each defendant:

(a) Statutory damages for each willful violation in an amount of $100,000.00 pursuant to 47 U.S.C. 605(e)(3)(C)(ii);

(b) Statutory damages in the amount of Ten Thousand Dollars pursuant to 47 U.S.C. 605(e)(3)(C)(i)(II); and

(c) The Recovery of full costs, including reasonable attorneys' fees pursuant to 47 U.S.C. 605(e)(3)(B)(iii).

**ANSWER:** The Defendants deny the allegations of paragraph s 17(a) (b) and (c).

Wherefore the Defendants demand judgment in their favor and for costs and legal fees of this defense.

## COUNT II
### (Violation of 47 U.S.C. Section 553)

18. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-17, inclusive as though set forth herein at length.

**ANSWER:** Defendants incorporate their answers from paragraphs 1-17 of Count I as and for their answer to paragraph 18 of this Count II.

19. The unauthorized interception, exhibition, publication and divulgence of the Program by each of above-named defendants are prohibited by 47 U.S.C. Section 553 et seq.

**ANSWER:** Defendants deny the allegations in paragraph 19.

20. By reason of the aforementioned conduct, the aforementioned defendants, and each of them, violated 47 U.S.C. Section 553, et seq.

**ANSWER:** Defendants deny the allegations in paragraph 20.

21. By reason of the defendants' violation of 47 U.S.C. Section 553, et seq., J&J SPORTS PRODUCTIONS, INC., has the private right of action pursuant to 47 U.S.C. Section 553.

**ANSWER:** Defendants deny the allegations in paragraph 21.

22. As the result of the aforementioned defendants' violation of 47 U.S.C. Section 553 and pursuant to said Section 553, Plaintiff is entitled to the following from each defendant:

(a) Statutory damages in the amount of Ten Thousand Dollars ($10,000.00) pursuant to § 553(c)(3)(A)(ii);

(b) Statutory damages for willfulness in the amount of Fifty Thousand Dollars ($50,000.00), pursuant to §553(c)(3)(B);

(c) Full costs and expenses of this action, including reasonable attorney's fees, pursuant to §553(c)(2).

**ANSWER:** Defendants deny the allegations in paragraphs 22 (a) (b) and (c).

Wherefore the Defendants demand judgment in their favor and for costs and legal fees of this defense.

## COUNT III
**(Conversion)**

23.　Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-22 inclusive, as though set forth herein at length.

**ANSWER:**　Defendants incorporate their answers from paragraphs 1-22 of Count II as and for their answer to paragraph 23 of this Count III.

24.　By its acts as aforesaid in interception, exhibiting, publishing, and divulging the Program at the above-captioned address, the aforementioned defendants, and each of them, tortuously obtained possession of the Program and wrongfully converted it to its own use and benefit.

**ANSWER:**　Defendants deny the allegations in paragraph 24.

25.　The aforesaid acts of each of the defendants were willful, malicious and intentionally designed to harm the Plaintiff GARDEN CITY BOXING CLUB, INC. and to subject said Plaintiff to economic distress.

**ANSWER:**　Defendants deny the allegations in paragraph 25.

26.　Accordingly, Plaintiff is entitled to both compensatory, as well as punitive damages from each of the aforementioned defendants as the result of the defendants' egregious conduct and conversion.

**ANSWER:**　The Defendants deny the allegations in paragraph 26.

Wherefore the Defendants demand judgment in their favor and for costs and legal fees of this defense.

Respectfully submitted,

s/George E. Becker
GEORGE E. BECKER
Attorney for Claimant Robert Walston
GEORGE E. BECKER, P.C.
33 N. LaSalle Street – Suite 3300
Chicago, Illinois 60602
(312) 236-2803